UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Becwood Technology Group LLC,

    Plaintiff,

v.                                                    Civil No. 09-70 (JNE/JSM)
                                                           ORDER

Hanover Insurance Group,

    Defendant.

    Invoking jurisdiction based on diversity of citizenship, *see* 28 U.S.C. § 1332 (2006), Becwood Technology Group LLC brought this action against Hanover Insurance Group for breach of contract and declaratory relief. In its Complaint and First Amended Complaint, Becwood Technology Group alleges that it is "a food product distributor organized under the laws of the State of Minnesota with its principal place of business" in Minnesota. Becwood Technology Group also alleges that Hanover Insurance Group is "an insurance company organized under the laws of the State of Delaware, with its principal place of business" in Massachusetts. These jurisdictional allegations are deficient.

    For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Becwood Technology Group is a limited liability company. No information about its members appears in the record. Accordingly, Becwood Technology Group has not satisfied its burden of establishing subject matter jurisdiction. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992); *cf. Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) ("When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity,

must set forth with specificity the citizenship of the parties.  When one of the parties to the action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists." (citation omitted)).  Unless Becwood Technology Group establishes its citizenship by 5:00 p.m. on Thursday, September 17, 2009, the Court will dismiss this action for lack of subject matter jurisdiction.[1]

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Becwood Technology Group shall establish its citizenship by 5:00 p.m. on Thursday, September 17, 2009.

Dated:  September 10, 2009

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge

---

[1] The Court notes that Hanover Insurance Group's Counterclaims and Amended Counterclaims do not allege a basis for subject matter jurisdiction.  *See* Fed. R. Civ. P. 8(a)(1) (requiring a pleading that states a claim for relief to contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support").  Hanover Insurance Group alleges that it is "an insurance company organized and existing under the laws of the state of New Hampshire with its principal place of business in Massachusetts," and that Becwood Technology Group is "a company or other business entity organized and existing under the laws of the State of Minnesota with an office and/or principal place of business" in Minnesota.